# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

**No. 15-7093**                                    **September Term, 2015**

                                                   1:14-cv-01166-RC

**Filed On:** January 14, 2016

Saundra Taylor,

      Appellant

    v.

Law Office of Galiher, Clarke & Galiher and
Richard Wilkinson Galiher, Jr.,

      Appellees

**BEFORE:**  Henderson, Rogers, and Srinivasan, Circuit Judges

## O R D E R

Upon consideration of the motion for summary affirmance, the response thereto, and the reply; and the motion for leave to file surreply and the lodged surreply, it is

**ORDERED** that the motion for leave to file a surreply be denied. Surreplies are generally disfavored, and appellant has not demonstrated the requested relief is warranted. It is

**FURTHER ORDERED** that the motion for summary affirmance be granted. The merits of the parties' positions are so clear as to warrant summary action. See Taxpayers Watchdog, Inc. v. Stanley, 819 F.2d 294, 297 (D.C. Cir. 1987) (per curiam). The district court properly dismissed the complaint, pursuant to Fed. R. Civ. P. 12(b)(6), because that court could draw no reasonable inference that appellees' alleged negligence proximately caused appellant's failure to prevail in seeking to modify her workers' compensation order for disability benefits in the litigation underlying the malpractice action. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (standard for Rule 12(b)(6) dismissal); Kaempe v. Myers, 367 F.3d 958, 963 (D.C. Cir. 2004) (in reviewing a dismissal for failure to state a claim, the court will not accept inferences "unsupported by the facts set out in the complaint" or "legal conclusions cast in the form of factual allegations"); M&S Bldg. Supplies, Inc. v. Keiler, 738 F.2d 467, 472 (D.C. Cir. 1984) (citing Niosi v. Aiello, 69 A.2d 57, 60 (D.C. 1949)) (establishing legal malpractice claim);

see also Taylor v. Verizon Communications, Inc., et al., Case No. 2013-CA-5327B, unpublished amended order of permanent injunction (D.C. Super. Ct., Mar. 10, 2014).

  Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**