# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| SAUNDRA TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 14-1166 (RC) |
| | ) | |
| LAW OFFICE OF GALIHER, CLARKE & GALIHER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION AND ORDER**

The Court dismissed the complaint and this civil action on September 2, 2015 [ECF Nos. 13-14], and the United States Court of Appeals for the District of Columbia affirmed the decision, *see Taylor v. Law Office of Galiher, Clark & Galiher*, No. 15-7093 (D.C. Cir. Jan. 16, 2016).  On March 14, 2016, the Court denied plaintiff's Motion for Leave to Replead Complaint [ECF No. 18] and her Motion for Leave to Amend Proposed Amended Complaint [ECF No. 19]. Undaunted, plaintiff has filed a Motion to Alter or Amend Judgment and Motion to Set Aside Judgment [ECF No. 24] ("Pl.'s Mot.") and asks the Court to reconsider both its September 2, 2015 and March 14, 2016 orders.  On consideration of plaintiff's motion and defendants' opposition [ECF No. 25], the motion will be denied.

Plaintiff relies on Rules 59(e), 60(b)(1) and 60(b)(6) of the Federal Rules of Civil Procedure.  *See* Pl.'s Mot. at 3.  The Court will deny the Rule 59(e) motion as untimely because plaintiff failed to file it within 28 days of the September 2, 2015 ruling she seeks to overturn. Insofar as she seeks reconsideration under Rule 59(e) of the Court's March 14, 2016 Order, the

motion will be denied because plaintiff fails to establish that "there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (citation and internal quotation marks omitted).

Rule 60(b)(1) permits a court to relieve a party from an order based on "mistake, inadvertence, surprise, or excusable neglect," Fed. R. Civ. P. 60(b)(1), and a motion under this rule must be filed "no more than a year after the entry of the judgment or order[,]" Fed. R. Civ. P. 60(c)(1). Where a party claims excusable neglect, the Court considers, among other factors, the length of delay, the reason for delay, and the potential impact of delay on the judicial proceedings. *See In re Vitamins Antitrust Class Actions*, 327 F.3d 1207, 1209 (D.C. Cir. 2003) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 395 (1993)). Plaintiff argues that there has not been an undue delay in filing her motion, which she submitted one day after she received her copy of the Court's March 14, 2016 Order, *see* Pl.'s Mot. at 4, and well within one year of the September 2, 2015 ruling, *see id*. at 5. The Court will not deny plaintiff's Rule 60(b)(1) motion because it is timely. Rather, it appears that plaintiff is merely dissatisfied with the Court's rulings and this alone is not a valid basis for granting the relief she seeks. *See Munoz v. Bd. of Trustees of Univ. of the District of Columbia*, 730 F. Supp. 2d 62, 66 (D.D.C. 2010).

Lastly, and for the reasons set forth in the March 14, 2016 Order, the Court will deny plaintiff's Rule 60(b)(6) motion. Relief under Rule 60(b)(6) should be granted only if the moving party demonstrates "'extraordinary circumstances' justifying the reopening of a final judgment," *Salazar ex rel. Salazar v. District of Columbia*, 633 F.3d 1110, 1116 (D.C. Cir. 2011) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005)), and plaintiff fails to meet this standard.

Accordingly, it is hereby

ORDERED that plaintiff's Motion to Alter or Amend Judgment and Motion to Set Aside Judgment [24] is DENIED.

SO ORDERED.

DATE:  May 2, 2016

/s/
RUDOLPH CONTRERAS
United States District Judge